IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LARRY ARNOLD YOUNG,

           Petitioner,

v.                            CIVIL ACTION NO.  2:10-cv-01181

J.P. CARAWAY,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Larry Arnold Young's Petition for Writ of Habeas Corpus, which he originally filed in the District of Maryland on September 22, 2010 [Docket 1]. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted findings of fact and recommended that the Court construe Petitioner's filing as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and deny Petitioner's § 2255 motion [Docket 8].  Petitioner timely filed written objections to the Magistrate Judge's findings of fact and recommendation [Docket 9].

Having reviewed Petitioner's objections *de novo*, the Court **FINDS** that they are without merit.  The Magistrate Judge and transferring District Judge from the District of Maryland correctly identified Petitioner's filing as a motion to vacate, set aside, or correct his sentence pursuant to 28

U.S.C. § 2255. A federal prisoner seeking to challenge the legality of his conviction or sentence must proceed pursuant to 28 U.S.C. § 2255 in the district of conviction. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). In contrast, section 2241 petitions are "generally reserved for challenges to the execution of a prisoner's sentence." *Hammitt v. U.S. Probation Office*, 235 F. App'x 129, 130 (4th Cir. 2007) (unpublished) (citing *In re Vial*, 115 F.3d at 1194 n.5).[1] Here, Petitioner is challenging the sentence imposed upon him by Judge Hallinan and attacking the legality of that sentence in light of Amendment 657 to the United States Sentencing Guidelines. (Docket 1 at 8-9.) Such a challenge is properly classified as a § 2255 habeas corpus petition. *See, e.g.*, *White v. Berkebile*, No. 5:09-cv-00796, 2010 WL 3009706, at *1 & n.4 (S.D. W. Va. July 28, 2010) (section 2255 held appropriate vehicle for case "in which Petitioner challenges the computation of his criminal history points, [in light of] Amendment 709 to the United States Sentencing

---

[1] In limited circumstances, when § 2255 is "inadequate or ineffective" to test the legality of a prisoner's detention, a prisoner may be permitted to file a § 2241 petition in the district of his confinement. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). In *Jones*, the Fourth Circuit stated that § 2255 is inadequate or ineffective, and thus § 2241 may be used:

> to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34. Petitioner in this case cannot demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention. In particular, Petitioner cannot show that substantive law has changed such that his offense conduct is no longer criminal. Notably, Petitioner has already raised identical challenges in several previous § 2255 petitions, all of which were denied. *See, e.g.*, *Young v. United States*, No. 1:04-cv-1282 (S.D. W. Va. Apr. 21, 2006) (Docket 12 at 2-3) (denying identical arguments in a § 2255 petition because Petitioner was attempting to bring a successive § 2255 without proper authorization pursuant to 28 U.S.C. § 2244(d)); *Young v. United States*, 1:88-cr-112-01 (S.D. W. Va. July 1, 2009) (Docket 333 at 1-2) (denying same arguments as successive).

Guidelines"); *Willis v. United States*, No. 08-cv-16783JMR/AJB, 2009 WL 1744567, at *2 (D. Minn. June 19, 2009) (petitioner seeking vacation of sentence on basis of two post-sentencing amendments to the Sentencing Guidelines must proceed under § 2255); *see also Burston v. Wardon of FCI Williamsburg*, No. 6:10-cv-2692, 2010 WL 5462474, at *1-2 (D.S.C. Dec. 29, 2010) (petitioner must proceed under § 2255 to challenge sentence on the basis of a subsequent amendment to the sentencing guidelines); *Minor v. Warden FCI Williamsburg*, No. 4:10-cv-2325, 2010 WL 4281696, at *1 (D.S.C. Oct. 25, 2010) (same).

Petitioner previously has sought collateral review of his sentence, as expressly mentioned by the Magistrate Judge in her findings of fact and recommendation, and his current § 2255 motion is therefore a successive petition without certification from the United States Court of Appeals for the Fourth Circuit, as required by 28 U.S.C. § 2244(b)(3). Under such circumstances, this Court has no jurisdiction to consider Petitioner's claims.

Furthermore, Petitioner's sought relief, reduction of his sentence pursuant to an amendment to the United States Sentencing Guidelines, is without merit because he was not sentenced pursuant to the Sentencing Guidelines. *See Young v. United States*, 1:88-cr-112-01 (S.D. W. Va. Mar. 10, 1989) (Docket 247-1) (judgment in criminal case). The Sentencing Guidelines and amendments to the Sentencing Guidelines do not apply to a defendant who was convicted of an offense which occurred under the statutory scheme which pre-dated the Sentencing Guidelines.[2] *See* U.S.S.G. §

---

[2] The Sentencing Guidelines were made effective November 1, 1987, and they apply only to crimes committed after their effective date. *See generally United States v. Story*, 891 F.2d 988, 991 (2d Cir. 1989) (setting forth the relevant legislative history). The indictment returned against Petitioner, to which he pled guilty, alleges misconduct occurring "[f]rom in or about the spring of 1986 to in or about October 1987." Accordingly, because his criminal conduct occurred before the effective date of the Sentencing Guidelines, he was properly sentenced under previous criminal statutes rather
(continued...)

1B1.10 (permitting retroactive application of amendments to the Sentencing Guidelines where "the guideline range *applicable to [a] defendant* has subsequently been lowered" (emphasis added)); *see also United States v. Bruce*, No. 3:94-cr-61-gmw-1, 2008 WL 678643, at *1 (W.D. Va. Mar. 11, 2008) (amendments apply "retroactively to offenders who were sentenced *under prior versions of the Guidelines Manual*" (emphasis added)).  Petitioner was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and he is therefore ineligible for a reduction of his sentence pursuant to 28 U.S.C. § 2255 and Amendment 657 to the Sentencing Guidelines.  Simply put, the sentencing court relied exclusively on 21 U.S.C. § 848, which prescribed a penalty of ten years to life imprisonment.  Petitioner's sentence was imposed without influence or direction from the Sentencing Guidelines.  Accordingly, any amendment to the Sentencing Guidelines, whether retroactive or not, is irrelevant to Petitioner's sentence.

     Finally, the Court is keenly aware that Petitioner's challenge could also be construed as a motion under 18 U.S.C. § 3582(c)(2).  That section permits the Court, on motion of the defendant, to reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  As stated above, Petitioner was not sentenced to a term of imprisonment based on a sentencing range at all; he was sentenced to a statutory term of imprisonment.  For this reason, section 3582(c)(2) is unavailing for Petitioner as well.

---

[2](...continued)
than the Sentencing Guidelines.

Accordingly, the Court **ADOPTS** and incorporates herein the PF&R [Docket 8]; **DENIES** Petitioner's § 2255 motion [Docket 1]; and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented party.

ENTER: March 3, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE