IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LARRY ARNOLD YOUNG,

                Petitioner,

v.                                                   CIVIL ACTION NO. 2:10-cv-01181

J.P. CARAWAY,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Larry Arnold Young's Motion to Strike for Lack of Jurisdiction [Docket 16]. In his motion, Petitioner reasserts that he was improperly sentenced and/or is eligible for a reduction to his sentence due to an amendment to the United States Sentencing Guidelines. Immediately thereafter, Petitioner states that "[t]he proper forum was established in the [State] of Maryland and therefore the Southern District of West Virginia is without and [s]hould have denied jurisdiction." (Docket 16 at 1.)

As the Court explained in its Memorandum Opinion and Order of March 3, 2011, a federal prisoner seeking to challenge the legality of his conviction or sentence must proceed pursuant to 28 U.S.C. § 2255 in the district of conviction. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). In contrast, section 2241 petitions, which may be filed in the district of a prisoner's confinement, are "generally reserved for challenges to the execution of a prisoner's sentence." *Hammitt v. U.S. Probation Office*, 235 F. App'x 129, 130 (4th Cir. 2007) (unpublished) (citing *In re Vial*, 115 F.3d at 1194 n.5). Here, Petitioner is challenging the sentence imposed upon him by Judge Hallinan (in

the Southern District of West Virginia) and attacking the legality of that sentence in light of Amendment 657 to the United States Sentencing Guidelines. (Docket 1 at 8-9.) Such a challenge is properly classified as a § 2255 habeas corpus petition. *See, e.g.*, *White v. Berkebile*, No. 5:09-cv-00796, 2010 WL 3009706, at *1 & n.4 (S.D. W. Va. July 28, 2010) (section 2255 held appropriate vehicle for case "in which Petitioner challenges the computation of his criminal history points, [in light of] Amendment 709 to the United States Sentencing Guidelines"); *Willis v. United States*, No. 08-cv-16783JMR/AJB, 2009 WL 1744567, at *2 (D. Minn. June 19, 2009) (petitioner seeking vacation of sentence on basis of two post-sentencing amendments to the Sentencing Guidelines must proceed under § 2255); *see also Burston v. Wardon of FCI Williamsburg*, No. 6:10-cv-2692, 2010 WL 5462474, at *1-2 (D.S.C. Dec. 29, 2010) (petitioner must proceed under § 2255 to challenge sentence on the basis of a subsequent amendment to the sentencing guidelines).

Accordingly, because Petitioner seeks relief pursuant to 28 U.S.C. § 2255 (whether filed as such or not), he is required by statute to proceed in the Southern District of West Virginia, the district of his conviction. The Court did not lack jurisdiction to decide Petitioner's § 2255 motion, and the Motion to Strike for Lack of Jurisdiction [Docket 16] is therefore **DENIED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 19, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE